Case 2:16-cv-00539   Document 13   Filed on 02/10/17 in TXSD   Page 1 of 8

United States District Court
Southern District of Texas
**ENTERED**
February 10, 2017
David J. Bradley, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| JASON ANDY RODRIGUEZ, | § | |
| | § | |
| Petitioner, | § | |
| VS. | § | CIVIL ACTION NO. 2:16-CV-539 |
| | § | |
| LORIE DAVIS, | § | |
| | § | |
| Respondent. | § | |

## MEMORANDUM AND RECOMMENDATION

Petitioner is an inmate in the Texas Department of Criminal Justice-Correctional Institutions Division ("TDCJ-CID") and is currently incarcerated at the McConnell Unit in Beeville, TX. Petitioner filed this habeas action pursuant to 28 U.S.C. § 2254 on December 27, 2016, challenging a disciplinary conviction for possession of contraband which resulted in a 30 day loss of earned good-time days, restrictions, and a change in custody status. (D.E.1, Page 5).

Petitioner acknowledges he is ineligible for release to mandatory supervision. (D.E. 1, Page 5). Therefore, he was ordered to show cause on or before February 9, 2017, why his petition should not be dismissed. (D.E. 10). Petitioner filed a timely response to the order to show cause. (D.E. 11). For the reasons stated below, it is recommended Petitioner's claim for habeas corpus relief be **DISMISSED**. It is further recommended that a Certificate of Appealability be **DENIED.**

**I.      JURISDICTION**

Jurisdiction and venue are proper in this Court because Petitioner is incarcerated in Bee County, Texas, which is within the Corpus Christi Division of the Southern District of Texas. 28 U.S.C. § 124(b)(6); 28 U.S.C. § 2241(d); *Wadsworth v. Johnson*, 235 F.3d 959, 961 (5th Cir. 2000).

**II.     APPLICABLE LAW**

**Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA")
28 U.S.C. §2254**

Federal habeas corpus petitions are governed by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"). Relief shall not extend to a prisoner unless he is "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3) & § 2254(a); *Brecht v. Abrahamson* 507 U.S. 619, 633-34 (1993). Therefore, Petitioner must establish a constitutional violation to state a claim for federal habeas corpus relief.

A prisoner does not have a constitutional right to a release before the expiration of a valid sentence. *Greenholtz v. Inmates of the Neb. Penal & Corr. Complex*, 442 U.S. 1, 7 (1979). Furthermore, the U.S. Constitution does not guarantee an inmate good-time credit for satisfactory behavior while in prison. *Wolff v. McDonnell*, 418 U.S. 539, 557 (1974). However, state laws may create a constitutionally protected expectancy of early release in some cases. *Malchi v. Thaler*, 211 F.3d 953, 957 (5th Cir. 2000). In Texas, it is well established that only inmates who are eligible for mandatory supervision have a liberty interest in good-time credits and a constitutionally protected expectancy of early

release. *Id*. To establish a constitutional violation Petitioner must show that he has a constitutionally protected expectancy of early release, i.e. that he is eligible for mandatory supervision.

## III. DISCUSSION

### A. Loss of Good-Time Credits

Prisoners are not wholly stripped of all constitutional protections when imprisoned. *Wolff*, 418 U.S. at 555. A prisoner's constitutional rights are set forth in the Due Process Clause of the Fourteenth Amendment. However, in disciplinary hearings, prisoners are only entitled to due process guarantees when the hearing may result in sanctions that infringe on constitutionally protected interests. *Sandin v. Conner*, 515 U.S. 472, 483-84 (1995). These interests are generally limited to sanctions that affect the *quantity* of time served by a prisoner, not the condition. *Madison v. Parker*, 104 F.3d 765, 767 (5th Cir. 1997). Therefore, to state a claim for federal habeas corpus relief, Petitioner must show he was denied due process in a disciplinary action which resulted in sanctions affecting the duration of his sentence.

Under Texas law, a TDCJ inmate can become eligible for release in two ways: "[t]he first is by parole and the second is under a mandatory supervised release program." *Madison*, 104 F.3d 765, 767 (5th Cir. 1997). In Texas, only mandatory supervision may create a "constitutional expectancy" of early release. *Malchi*, 211 F.3d at 957. However, Petitioner was previously convicted of murder and aggravated assault and received a life sentence, which means he is not eligible for mandatory supervision. Tex. Gov't Code Ann. §508.149 (a)(2) (West 2001) (stating an inmate may not be released to mandatory

supervision if the inmate *has been previously convicted of* a first degree felony or a second degree felony of murder under Section 19.02, Penal Code (Murder)(emphasis added)); Tex. Gov't Code Ann. § 508.149(a)(7) (West 2001) (stating an inmate may not be released to mandatory supervision if the inmate *has been previously convicted of* a first degree or second degree felony of aggravated assault under Section. 22.02 (Aggravated Assault)(emphasis added); (D.E. 1, Pages 2 and 5).  Petitioner acknowledges he is not eligible for release on mandatory supervision and that the disciplinary case he is challenging "has no actual effect on the length of [his] actual sentence(s)." (D.E. 1, Page 5 and D.E. 11, Pages 1-2).  Therefore, as Petitioner is not eligible for mandatory supervision, he has no constitutional expectancy of early release and no liberty interest in his lost good-time credits. *Malchi*, 211 F.3d at 957; *Madison*, 104 F.3d at 767-78.

     For prisoners not eligible for mandatory supervision, good-time credits only apply toward eligibility for parole. Tex. Gov't Code Ann. §498.003. It is well established that because eligibility for parole is entirely speculative, there is no constitutional expectancy of parole in Texas. *See Madison*, 104 F.3d at 768.  Furthermore, the Fifth Circuit has ruled that if an inmate is not eligible for mandatory supervision, he "does not have a constitutional claim for which relief can be granted." *Arnold v. Cockrell*, 306 F.3d 277, 278 (5th Cir. 2002). Consequently, loss of good-time credits does not support a constitutional claim in this instance, and Petitioner is not entitled to federal habeas corpus relief.

### B.     Other Sanctions

In addition to the loss of good-time credits, Petitioner's disciplinary hearing resulted in a reduction in line class status, loss of 15 days recreation time and a 60 day property restriction. (D.E. 5, Page 5). Each of these additional sanctions is a change in the condition of Petitioner's confinement. The Due Process Clause does not protect every adverse change in the condition of confinement. *Sandin*, 515 U.S. at 478. Mere changes in the condition of confinement that do not pose an atypical or significant hardship beyond the ordinary incidents of prison life do not implicate due process concerns. *Madison*, 104 F.3d at 768. As such, phone privileges, recreation limitations, and adjustments to a prisoner's classification are not protected by the Due Process Clause. *See Malchi*, 211 F.3d at 958-59.

Further, to the extent Petitioner asserts his line class status affects his ability to appear before the parole board, the restrictions on Petitioner are mere changes in conditions of confinement and do not pose significant hardships beyond the ordinary incidents of prison life. *See Madison*, 104 F.3d at 768. As stated previously, because release on parole is entirely speculative, there is no constitutional expectancy of parole in Texas. *Id.* Therefore, sanctions imposed on Petitioner, including a reduction in line class, do not implicate due process concerns and do not require federal habeas corpus relief. *See Luken v. Scott*, 71 F.3d 192, 193-195 (5th Cir. 1995)(changes to line classification are not challengeable in federal habeas corpus as the "mere opportunity to earn good-time credits [does not] create a constitutionally cognizable liberty interest sufficient to trigger the protection of the Due Process Clause"); *see also Malchi*, 211 F.3d at 957-58

(explaining that only those Texas inmates who are eligible for early release on mandatory supervision have a protected liberty interest in their previously earned good-time credit).

## IV.   CERTIFICATE OF APPEALABILITY

An appeal may only be taken to the Court of Appeals from a final order in a habeas corpus proceeding if "a circuit justice or judge issues a certificate of appealability." 28 U.S.C. § 2253(c)(1)(A). Although Petitioner has not yet filed a notice of appeal, it is respectfully recommended that this Court nonetheless address whether he would be entitled to a certificate of appealability ("COA"). A district court ruling on a petitioner's relief may *sua sponte* rule on a COA because it "is in the best position to determine whether the petitioner has made a substantial showing of a denial of a constitutional right on the issues before that court. Further briefing and argument on the very issues the court has just ruled on would be repetitious." *Alexander v. Johnson*, 211 F.3d 895, 898 (5th Cir. 2000)(per curiam).

A COA "may issue...only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). "The COA determination under § 2253(c) requires an overview of the claims in the habeas petition and a general assessment of their merits." *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003). As to claims the Court rejects solely on their merits, "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). As to claims the Court rejects solely on procedural grounds, the Petitioner must show both that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a

constitutional right," and that "jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Id*.

In Petitioner's case, reasonable jurists could not debate the dismissal or denial of the Petitioner's §2254 petition on substantive or procedural grounds, nor find that the issues are adequate to deserve encouragement to proceed. *Miller-El*, 537 U.S. at 327. Accordingly, it is respectfully recommended the Court not issue a COA.

## V. RECOMMENDATION

Based on the foregoing, it is respectfully recommended that Petitioner's application for habeas corpus relief be **DISMISSED**. It is further recommended that a Certificate of Appealability be **DENIED**.

ORDERED this 10th day of February, 2017.

_____
Jason B. Libby
United States Magistrate Judge

## NOTICE TO PARTIES

The Clerk will file this Memorandum and Recommendation and transmit a copy to each party or counsel. Within **FOURTEEN (14) DAYS** after being served with a copy of the Memorandum and Recommendation, a party may file with the Clerk and serve on the United States Magistrate Judge and all parties, written objections, pursuant to 28 U.S.C. § 636(b)(1)(c); Rule 72(b) of the Federal Rules of Civil Procedure; and Article IV, General Order No. 2002-13, United States District Court for the Southern District of Texas.

A party's failure to file written objections to the proposed findings, conclusions, and recommendations in a Magistrate Judge's report and recommendation within **FOURTEEN (14) DAYS** after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Court. *Douglass v. United Servs. Auto Ass'n*, 79 F.3d 1415 (5th Cir. 1996)(en banc).